Max Eduard Tuerah LUNTUNGAN; Marco Bastian Sigar Luntungan; Meidi Ana Mailoor, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76418.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Alison Dixon, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Max Eduard Tuerah Luntungan, and his wife and son, all natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming his appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is gov-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erned by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excuse the untimely filing of Luntungan's asylum application. *See* 8 C.F.R. § 208.4(a)(4), (5); *Ramadan v. Gonzales,* 479 F.3d 646, 648, 657 (9th Cir.2007) (per curiam). Accordingly, Luntungan's asylum claim fails.

We deny the petition with respect to Luntungan's withholding of removal claim because substantial evidence supports the IJ's finding that Luntungan did not establish past persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003), and Luntungan failed to establish a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180 (9th Cir.2007) (en banc). Luntungan's withholding of removal claim is further undercut because his similarly-situated parents continue to reside in Indonesia without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Finally, because Luntungan did not raise his CAT claim before the BIA, it is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DIMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.